IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,    )  | |
|                                                            ) | |
|       Plaintiff,                        ) | |
|                                                            ) | |
| vs.                                                      ) | Cr. No. 15-1631 MCA |
|                                                            ) | |
| **LEON J. TAFOYA**,                        ) | |
|                                                            ) | |
|       Defendant.                    ) | |

UNITED STATES' SENTENCING MEMORANDUM

The United States respectfully requests that this Court accept Defendant Leon J. Tafoya's Rule 11(c)(1)(C) Plea Agreement and asks this Court to impose a sentence at the high end of the negotiated Rule 11(c)(1)(C) range, that being 84 months of incarceration, and submits the following in support of this request:

                                                  I.     PROCEDURAL HISTORY

On May 7, 2015, Defendant Tafoya executed a plea agreement with the United States and entered a plea of guilty to an Information, charging a violation of 18 U.S.C.§§ 924(c)(1)(A), and 924(c)(1)(A)(i-iii), that being Possessing a Firearm in Furtherance of a Crime of Violence, violation of 18 U.S.C. §§ 1152 and 13, N.M.S.A. 1978, § 30-3-2, that being Aggravated Assault with a Deadly Weapon, violation of 18 U.S.C. §§ 1153 and 113(a)(6), that being Assault Resulting in Serious Bodily Injury. Docs. 15 and 18. Pursuant to Defendant's Tafoya's Rule 11(c)(1)(C) plea agreement, the parties agreed to a sentence between 60 and 84 months of incarceration. Doc. 18.

United States Probation Officer Laina Romero submitted a presentence report (PSR),

calculating Defendant's total offense level to be 26 and his criminal history category to be I, resulting in a total guideline imprisonment range of 123 to 138 months. PSR ¶ 92. The government has as reviewed the PSR and has no objection to the facts, calculations, or analysis contained in the PSR.

## II.  ARGUMENT

### A.  Acceptance of the 11(c)(1)(C) Plea Agreement Provides Certainty and Finality

In consideration of acceptance of Defendant's Tafoya's Rule 11(c)(1)(C) plea agreement, the government asks this Court to consider the parties' interest in minimizing the uncertainties of trial by negotiating this settlement. "The potential to conserve valuable prosecutorial resources and for defendants to admit their crimes and receive more favorable terms at sentencing means that a plea agreement can benefit both parties." *Missouri v. Frye*, 132 U.S. 1399, 1407 (2012). Parties in a criminal case must assess the likely outcome of motions and trial practice. Defendants in particular must weigh their tolerance for the risk of losing a trial against the benefits of a negotiated settlement. Likewise the government must weigh the public and the victim's interest against the risks of proceeding to trial.

The government carefully weighed the evidence in this case and evaluated the impact that further litigation would have on the victims and their families. Tafoya's father is one of two victims in this case. In spite of the pain he has suffered, Mr. Tafoya remains supportive of his son. In negotiating Defendant Tafoya's plea agreement, the government considered the certainty and the finality that this plea agreement gives to both victims. Accordingly, the government asks this Court accept Defendant's Tafoya's Rule 11(c)(1)(C) plea agreement.

B.     **Analysis of the Factors Set Forth in 18 U.S.C. § 3553(a) Warrants a Sentence of 84 Months**

A sentencing court must consider the factors set forth in 18 U.S.C. § 3553(a) when imposing a sentence. When fashioning a sentence pursuant to the § 3553(a) factors, a sentencing court has broad discretion to consider specific facts about a defendant, including the specifics of a defendants criminal history.  See *United States v. Yanez-Rodriguez*, 555 F.3d 931, 946-49 (10th Cir. 2009). Pursuant to the following analysis of the 3553(a) factors, a sentence closer to the high end of the negotiated range is appropriate.

1.     **The Nature and Circumstances of the Offense**

The nature and circumstances of this offense support a sentence at the high end of the range.  Tafoya stabbed his father, identified in the PSR as V1, four times. PSR ¶ 9. V1 sustained one wound to the chest and three to his abdomen. PSR ¶ 22. Tafoya told V1 it was time to "go home" then stabbed V1 without provocation. PSR ¶ 10.  V1 underwent a number of surgical procedures including a right thoracotomy, laparoscopy, laparotomy, small bowel resection, and packing of his wounds. PSR ¶ 22. To this day, V1 still has pain in the areas where he was stabbed and he continues to seek medical care. PSR ¶ 26.

Tafoya additionally assaulted the Santa Clara Tribal police officer, identified in the PSR as V2, who responded to the assist V1. *Id.*  During the assault of V2, Tafoya was able to discharge V2's firearm, but V2 was able to release the firearm magazine to prevent further discharge. PSR ¶ 14. During the course of this assault, V2 heard Tafoya say that he was going to kill V2 with his own gun. *Id.* V2 was forced to hit Tafoya in the head with a brick in order to stop Tafoya and allow emergency medical staff to administer care to V1. *Id.* Given the altercation and struggle, V2 sustained a permanent disfigurement to his finger. PSR ¶ 23.

Given the nature and circumstances of Defendant Tafoya's actions, his criminal conduct warrants a sentence of 84 months, which is the maximum sentence under the negotiated 11(c)(1)(C) plea agreement.

### 2. History and Characteristics of the Defendant

Defendant's Tafoya's lack of criminal history is a mitigating circumstance, which was considered in the pre-trial resolution of this case. Additionally, there are some concerns about Tafoya's characteristics noted in PSR ¶ 61 that were considered. Tafoya is described as being guarded. *Id*. Although Tafoya himself denies any mental health issues, Tafoya's mother and father describe their son as being distant. PSR ¶¶ 74-77. Tafoya was found to be competent to proceed, but there remain concerns about Tafoya's mental health. PSR ¶ 78. The United States considered these mitigating characteristics along with the seriousness of Tafoya's criminal conduct when determining how to resolve this case involving serious assaults against multiple victims and a firearm discharge. In addition to any period of incarceration this Court deems appropriate, the government is supportive of Tafoya's treatment and rehabilitation.

### 3. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, Provide Adequate Deterrence, and Protect the Public from Further Crimes of the Defendant

A sentence at the low end of the negotiated range will not reflect the seriousness of Defendant Tafoya's offense, nor would it protect the public from further crimes of Defendant. The government submits that a sentence of 84 months would do more to promote respect for the law, provide just punishment, provide for adequate deterrence, and most significantly, protect the public from any future crimes of Defendant.

### III. CONCLUSION

WHEREFORE, the United States respectfully requests this Court to accept Defendant's

Rule 11(c)(1)(C) plea agreement and to sentence the Defendant Tafoya to 84 months of incarceration.

                Respectfully submitted,

                DAMON P. MARTINEZ
                United States Attorney

                *Filed electronically 08/10/15*
                NOVALINE D. WILSON
                Assistant United States Attorney
                201 3rd St. NW, Suite 900
                Albuquerque, NM  87103
                (505) 224-1402

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to opposing counsel of record, and the assigned USPO on this date.

*Filed electronically 08/10/15*
NOVALINE D. WILSON
Assistant United States Attorney