# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 1:15-CR-01631-001 MCA |
| LEON TAFOYA, | § § | |
| Defendant. | § § | |

## SENTENCING MEMORANDUM

COMES NOW, the Defendant, Leon Tafoya, by and through his attorney of record, Alonzo J. Padilla, Assistant Federal Public Defender, who submits this Sentencing Memorandum to urge the Court to accept the Rule 11(c)(1)(C) plea agreement entered into this case, and to impose a sentence at the low end of the agreed upon range. Both Mr. Tafoya and the government agree that a sentence in the range of five to seven years, is sufficient, but not greater than necessary to comply with the purpose of sentencing set forth in 18 U.S.C. § 3553(a) and furthermore, that such a sentence is just, reasonable, and appropriate considering the facts present in this case. Such plea also takes into consideration the recommendation of defendant's father, the most seriously injured victim regarding an appropriate sentence and the defendant's youth, lack of significant criminal history, and mental health status.

As grounds for this request, counsel for Mr. Tafoya states as follows:

1. The government and Mr. Tafoya have entered into an agreement that, if accepted by the Court, requires the imposition of a sentence of not less than five years but not more than seven years. The plea agreement was negotiated, taking into consideration a number of factors, including the age of Mr. Tafoya, who was 19 when the offense occurred, concerns about his mental

health as evident by his behavior at the time the incident occurred, and the request of his father, one of the two victims in this case, that his son receive a minimum sentence. Anyone familiar with the defendant's background and the facts surrounding the assault would agree that he was experiencing some type of mental health disturbance when he attacked his father. Unfortunately, due to the guarded attitude of the defendant, and his unwillingness to discuss what he is experiencing, it has been difficult to assess the nature of his mental illness. When counsel was first appointed to represent Mr. Tafoya, he was concerned that Mr. Tafoya was not competent to proceed to trial. Given that concern, counsel advised the Magistrate that he thought Mr. Tafoya should be evaluated for competency. Mr. Tafoya was examined by Dr. Westfried who concluded Mr. Tafoya was competent. However, Dr. Westfried did express concerns about Mr. Tafoya's mental health and suggested that additional testing might be appropriate to determine the nature and extent of his mental health problem. Unfortunately, Mr. Tafoya has been extremely guarded and defensive when it comes to discussing issues related to his mental health, often only providing short, vague responses to questions posed by his attorney and Dr. Westfried. Without Mr. Tafoya's cooperation and his willingness to discuss the problems he is experiencing, it will be difficult but not impossible to assess what may be wrong and what corrective action can be taken to prevent any future problems. Counsel submits that Mr. Tafoya is likely experiencing the onset of schizophrenia or a similar mental health problem that will have to be addressed by both the Bureau of Prisons and probation, following his release from custody. This conclusion is also reflected in the evaluation prepared by Dr. Westfried. At the time that this incident occurred, Mr. Tafoya, Sr., the first victim of the defendant's actions, expressed concerns that his son appeared possessed and was not the son he had raised. Mr. Tafoya had never been aggressive toward his father (or anyone else) and had a relatively innocuous criminal history which included charges of alcohol and

marijuana abuse. During the time that Mr. Tafoya is serving his sentence with the Bureau of Prisons it is anticipated that he can be evaluated with the expectation the Bureau of Prisons will determine how best to treat his condition. However, he will be released from custody and be returned to his community at the conclusion of his sentence. At that point in time, probation will need to work closely with Mr. Tafoya, his family, and the tribe to determine how best to treat Mr. Tafoya to avoid any problems of this nature from re-occurring. If he is schizophrenic, he can be prescribed medication that will eliminate or dull the effects of his schizophrenia to allow him to become a productive member of society and an asset to his tribe.

2. Mr. Tafoya is in criminal history category I. At age 20, the only prior offenses on his record are offenses related to the use of alcohol and marijuana when he was a juvenile. Those offenses are relatively minor and certainly do not indicate any propensity toward violence. Nonetheless, he did commit a very violent act in this case and will receive punishment for his conduct. However, counsel and defendant's parents, urge the Court to impose the minimum sentence of five years. Such a sentence will be difficult for a young man, age 20, who has never been incarcerated for more than a few days as a juvenile. A sentence of five years will also provide Mr. Tafoya with adequate time to work on and complete his GED. It is also anticipated that Mr. Tafoya will receive counseling and treatment while he is serving his sentence

3. Counsel is at a loss as to what caused his client to first attack his father and then struggle with a law enforcement officer for a firearm that eventually discharged. When asked why he did what he did, he cannot provide an answer. During some of the interviews with law enforcement following his arrest, Mr. Tafoya stated "it had to be done" and that he was programed to commit the act. Unfortunately, since Mr. Tafoya has been so guarded in his responses to his own attorney, and Dr. Westfried, it is difficult to assess what will help him in the future. However,

it is imperative that this young man receive a mental health evaluation while within the Bureau of Prisons. Once that diagnosis is made, the physician in charge of his treatment can prescribe necessary medication that should prevent this from occurring in the future.

4. Mr. Tafoya was living with his father at the time this incident occurred. The defendant has resided with his father since an early age, following the breakup of his parents' marriage. Although he has maintained contact with his mother, he has been closest to his father since approximately age ten when his parents separated and the mother obtained her own residence. Although he has never been diagnosed as being schizophrenic, some of the behavior that he exhibited prior to attacking his father would certainly be a strong indication that he is schizophrenic. Although Mr. Tafoya denied having hallucinations or delusional ideas, his father described that his son appeared at times to be talking to someone not present in the room and laughing at whatever statements were made by that imaginary person. When confronted by his father, his response was guarded and he was quick to deny that he was talking to anyone. He also began to isolate himself from others and spent the majority of his time at least during the day time in his father's residence. Other behavior problems described by the father all indicate some type of serious mental illness requiring counseling and medication. It is hoped that once Mr. Tafoya is within the Bureau of Prisons that a more thorough evaluation can be conducted and a recommendation made regarding what type of medication might assist him once released from custody.

5. Counsel does not agree with the position of the U.S. Attorney that Mr. Tafoya should receive a sentence at the high end of the guideline range agreed upon. Counsel submits that a sentence of five years particularly given the age of this defendant and the lack of any prior criminal history, will more than adequately punish him for his conduct and provide a means for

him to receive treatment while serving the sentence imposed. Furthermore, regardless of what sentence is imposed, the more important aspect of this case will be the conditions of supervision that Mr. Tafoya will need to comply with after his release from custody. It is anticipated that when he is released, probation will have a better idea what type of mental illness he suffers from and what type of treatment will best address that concern. With that said, the Court is urged to impose a sentence of sixty (60) months, the bottom end of the agreed upon sentence and to order that Mr. Tafoya be placed on strict conditions of supervision upon his release from custody.

WHEREFORE, Defendant respectfully requests that this Court impose a sentence of 60 months, the low end of the agreed upon range in the parties plea agreement.

| | |
|---|---|
| I HEREBY CERTIFY THAT on August 14, 2015, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing: AUSA Novaline Wilson. | Respectfully submitted,<br><br>FEDERAL PUBLIC DEFENDER<br>111 Lomas NW, Suite 501<br>Albuquerque, NM 87102<br>(505) 346-2489<br><br> /s/ *filed electronically on 8/14/15*<br>ALONZO J. PADILLA, AFPD<br>Attorney for Defendant |
|  /s/ *filed electronically* | |